IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| LYNDA RITZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, AND DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT ERIE INSURANCE EXCHANGE;<br><br>Plaintiff,<br><br>vs.<br><br>ERIE INDEMNITY COMPANY, J. RALPH BORNEMAN JR., TERRENCE W. CAVANAUGH, EUGENE C. CONNELL, LUANN DATESH, JONATHAN HIRT HAGEN, THOMAS B. HAGEN, C. SCOTT HARTZ, BRIAN A. HUDSON SR., CLAUDE C. LILLY III, GEORGE R. LUCORE, THOMAS W. PALMER, MARTIN P. SHEFFIELD, RICHARD L. STOVER, ELIZABETH A. HIRT VORSHECK, ROBERT C. WILBURN, ERIE INSURANCE EXCHANGE, NOMINAL DEFENDANT;<br><br>Defendants, | 1:17-CV-00340-CRE |

## MEMORANDUM ORDER[1]

After Plaintiff having submitted a motion for reconsideration of this Court's Order granting Defendants' motion to dismiss (ECF No. 111), it is HEREBY ORDERED that said motion is **DENIED**.

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern.,*

---

[1] The court writes primarily for the parties and will not include facts and legal analysis previously described by the court.

1

*Inc.,* 602 F.3d 237, 251 (3d Cir. 2010) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See Howard Hess Dental,* 602 F.3d at 251 (citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D.Pa. 1993) (internal citation and quotation marks omitted). Further, a party cannot use a motion for reconsideration as a second bite at the apple; "a motion to reconsider may not raise new argument that could have (or should have) been made in support of or in opposition to the original motion." *R & B, Inc. v. Needa Part Mfg., Inc.*, CIV.A. 01-1234, 2005 WL 3054595, at *1 (E.D. Pa. Nov. 15, 2005).

Plaintiff raises two grounds for reconsideration, ostensibly arguing that the court has made clear errors of law. First, Plaintiff argues that the court erred in dismissing her complaint on the basis of claim preclusion because the court in *Beltz v. Erie Indemnity Co.*, 279 F. Supp. 3d 569 (W.D. Pa. 2017), *aff'd*, 733 Fed. Appx. 595 (3d Cir. 2018) (unpublished), *reh'g denied* (June 14, 2018) did not make a prior decision on the merits. Second, Plaintiff argues that that the transaction or occurrence at issue here is "entirely different" from the transaction or occurrence at issue in *Beltz* and thus claim preclusion does not apply.

As for Plaintiff's first argument, she never raised this issue in its original briefing and represented that she was not challenging the "on the merits" element of claim preclusion. *See* Pl.'s

Resp. (ECF No. 61) at 21 ("Here, while there is a prior judgment for Indemnity in a different matter, Indemnity cannot meet the second or third criteria."). Plaintiff cannot now argue that a prior decision on the merits element was not met for claim preclusion purposes.[2] Moreover, the court found that the ruling in *Beltz* was a "final decision on the merits." Memo. Op. (ECF No. 108) at 7-8. Plaintiff is simply seeking this court to rethink something it has already decided, which is an improper basis to seek reconsideration. Accordingly, Plaintiff's motion for reconsideration on this basis is denied.

As for Plaintiff's second argument that the transaction or occurrence at issue in *Beltz* is different from the transaction or occurrence here, the court considered Plaintiff's argument and rejected it. Memo Op. (ECF No. 108) at 8-11. A motion for reconsideration is not grounds to merely "attempt to convince the court to rethink a decision it has already made." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Accordingly, Plaintiff's motion for reconsideration on this basis is denied.

Accordingly, the following Order is entered:

AND NOW, this 13th day of May, 2019, Plaintiff's motion for reconsideration (ECF No. 111) is **DENIED**.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

---

[2] It is also improper for Plaintiff to not squarely make an argument in an opposition brief but attempt to leave the door open as a basis for reconsideration by superficially recognizing the issue and not fully briefing it.